UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | BANKRUPTCY NO. |
| **FLORA VICKNAIR** | **04-12947** |
| Debtor | CHAPTER 7 |

**MEMORANDUM OPINION**

This matter came before the court on July 21, 2004 as a hearing on the objection of Wilbur J. Babin, Jr., Trustee to the debtor's claimed exemption of a 1996 Ford Thomas Bus ("Bus"). The debtor responded to the objection asserting that the Bus is necessary to her trade or profession and is exempt as a "tool of the trade" under LSA 13:3881(A)(2)(a) or (b). For the reasons expressed in the following opinion, the court holds that the Bus is not exempt under LSA 13:3881(A)(2)(a) or (b) and does not qualify for any other exemption provided in §3881(A)(2).

The debtor is employed as a bus driver, for the St. Tammany school board. Her amended bankruptcy schedules list two vehicles exempt as tools of the trade under LSA 13:3881(A)(2), as follows:

| Vehicle | Value of Exemption | Value of Property |
|---|---|---|
| 1985 Chevy minibus | $4,000 | $4,000 |
| 1996 Ford Thomas Bus | $25,000 | $25,000 |

The debtor asserts that the 1985 Chevy minibus is exempt under the provisions of §3881(A)(2)(d), and that the Bus is exempt under §3881(A)(2)(a) or (b) as a tool of the trade.

The trustee objects to the claimed exemption of the Bus. He asserts that the plain language of §3881(A)(2) exempts only $7500 in equity of a vehicle and that because §3881(A)(2)(d) specifically pertains to vehicles, the debtor may not use the general language of section (a) for "tools" or (b) for "instruments" to claim an additional exemption for the Bus, even where the vehicle is otherwise necessary for the debtor's trade or calling.

**Applicable Law**.

Although most property is included in the debtor's estate upon filing for bankruptcy protection, the Code permits the debtor to claim certain property is exempt from the estate pursuant to §522.[1] The Code permits states to opt-out of the federal exemptions provided under §522, thereby limiting exemptions to those provided under state law.[2] Louisiana has chosen to "opt-out" of the federal exemptions, and instead exemptions are determined by reference to Louisiana

---

[1] 11 U.S.C. 522(d).

[2] 11 U.S.C. 522(b)(1);

statute.[3]

Louisiana Revised Statute 13:3881 contains a list of property which is exempt from seizure. The statute was amended in 2003, and provides in part as follows:

> A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
> . . . .
> (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
> (a) Tools.
> (b) Instruments.
> (c) Books.
> (d) Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.
> (e) One utility trailer.
> (f) One firearm with a maximum value of five hundred dollars.[4]

The debtor asserts that the statute provides for more than one vehicle to be exempt, as an exemption may be claimed under (a) or (b) as a tool or instrument of the trade and under (d) for the equity value of a motor vehicle used by the debtor

---

[3] La. R.S. 13:3881(B)(1).

[4] La. R. S. 13:3881 (A)(2).

and his family. The debtor further asserts that, because the statute provides for exemptions for tools, instruments, books, a motor vehicle, trailer and firearm, each subsection of 3881(A)(2) is read independently, and an exemption for each of those items may be claimed. Finally, the debtor asserts that permitting the Bus to be exempt as a tool of the trade will comport with the general purpose of the Louisiana exemption statute, to provide for a debtor's fresh start and ensure that the debtor will not become a charge on the state.

The underlying purpose of §3881 is to provide for the subsistence, welfare, and "fresh start" of the debtor, so that his or her family will not be destitute and will not become a charge on the state.[5] In construing the Louisiana exemption statute, the intent of the legislature is to be carried out and given a broad and liberal interpretation in accordance with the purpose of the exemption.[6] Louisiana courts also acknowledge that exemption statutes are in derogation of the general rule that all of a debtor's property is pledged to his creditors and exemptions must be strictly construed.[7] Section 3881 however, should not be so rigidly construed as to

---

[5] *Ward v. Turner*, 150 B.R. 378 (E.D. La. 1993), *opinion after remand*, 176 B.R. 424 (E.D. La. 1994), *appeal dismissed*, 66 F.3d 322 (5th Cir. 1995); *In re Hendrick*, 45 B.R. 865, 972 (Bankr. M.D. La. 1985).

[6] *Young v. Geter*, 185 La. 709, 170 So. 240, 242 (1936).

[7] *A. Wilbert's Sons Lumber & Shingle Co. v. Ricard*, 167 La. 416, 119 So. 411 (1928).

destroy its purpose and intent. Instead, "where an exemption can by a fair and reasonable interpretation be brought within the spirit and purpose of the statute, the exemption should be allowed."[8] The exemption statutes, however, are not intended to provide an incentive to take bankruptcy.[9]

The parties agree that the Bus does not qualify for an exemption under subsection (d), because its equity value exceeds $7,500.00. This court agrees that more than $7500.00 in equity value of the Bus is not exempt under §3881(A)(2)(d). Debtor additionally has claimed as exempt under §3881(A)(2)(d) a 1985 Chevy Minibus with a market value of $4,000.00. Subsection (d) is specific that "one motor vehicle per household" is exempt under its terms. For reasons discussed below, the court finds that the exemption statute does not permit more than one motor vehicle per household to be exempt under its terms.

The debtor asserts that the Bus qualifies under (2)(a) or (b) as a tool or instrument of the trade, and qualifies for an exemption in addition to the Minibus. Generally, items may be exempt as a tool of the trade where necessary for the exercise of a trade.

---

[8] *Id.* at 419.

[9] *In re Hanks*, 11 B.R. 706, 710 (Bankr. W.D. La. 1977).

> [T]he test for determining whether claimed item[s] qualify as exempt is whether the debtor will be deprived by the seizure and sale of the items of a tool or instrument necessary for the exercise of his trade, calling or profession. A corollary question is whether a seizure of the property will prevent the debtor from continuing to follow the trade in which the particular property has been used.[10]

The debtor asserts that the Bus is necessary in her given trade, that of school bus driver. The trustee asserts that the exemption statute specifically provides for the exemption of a vehicle under (2)(d), and therefore the general exemption for tools cannot be reasonably interpreted to extend to motor vehicles. The court agrees with the trustee.

In interpreting a statute, the court "begins with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislature's intent."[11] Louisiana law provides that, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.[12] Statutory provisions are construed along with the remainder of the statute, and all statutes on

---

[10] *In re Mmahat*, 110 B.R. 236, 243 (Bankr. E.D. La. 1990)(citations omitted).

[11] La. Civ. C. Art. 1, 2; *Anthony Crane Rental, L.P. v. Fruge*, 859 So.2d 631, 634 (La. 2003).

[12] La. Civ. Code art. 9.

the same subject matter are read together and interpreted as a whole to give effect to the legislative intent.[13] Statutes are construed to reconcile, if possible, apparent inconsistencies or ambiguities, so that each part of a statute is given effect.[14] Additionally, "courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided."[15]

Section 3881(2)(d) is clear that $7500 in equity value for one motor vehicle is exempt. The statute by its clear wording exempts only $7500 in equity value and only one motor vehicle per household. To read the statute as providing a separate exemption for another vehicle in excess of the $7500 equity value limitation as a tool under 3881(A)(2)(a) or (b) would make superfluous the exemption found in section (d).

This result is not inconsistent with Louisiana case law construing an exemption of a vehicle as a tool of the trade. For instance, in *In re Crawford*,[16] the court was asked to determine whether an automobile used by a medical doctor was

---

[13] *Anthony Crane,* 859 So.2d at 624.

[14] *Id., citing Comm-Care Corp. v. Bishop,* 696 So.2d 969 (La. 1997).

[15] *Id., citing In re Succession of Boyter,* 756 So.2d 1122, 1129 (La. 2001)

[16] 27 B.R. 24 (Bankr. W.D. La. 1982).

exempt as a tool of the trade. At the time of the case, the exemption statute had been newly amended, and deleted a former reference to a motor vehicle as a tool of the trade, replacing the language to exempt specifically a pick up truck used as a tool of the trade. The court determined that the vehicle was necessary to the doctor's profession. It nonetheless denied the exemption because

> [t]he Louisiana legislature, however, has seen fit to amend the exemption statute so as to specifically delete the automobile from the classification of tool or instrument of trade or profession. The wording of the statute is so specific that it leaves no room whatever for interpretation by a court.[17]

In the case of *In re Hanks*,[18] the debtor, a school bus driver, claimed several trucks and trailers as exempt as a tools of the trade. The exemption statute at that time provided an exemption for "tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part. . . . " and did not specifically limit the number of vehicles which could be claimed as exempt.[19] The debtor also earned income by employing others, in addition to himself, to drive his trucks, with the debtor retaining income on a percentage basis or rental income. The court held that the debtor could

---

[17] *Id*. at 25.

[18] 11 B.R. 706 (W.D. La. 1977).

[19] *Hanks*, 11 B.R. at 709.

exempt the dump truck used primarily by him, where a part of his livelihood was earned by truck driving. Despite the fact that the exemption statute at that time did not specifically limit the number of vehicles which could be exempt, the court denied the exemption for the remaining vehicles. It stated:

> As long as the claimant earns his income in whole or in part from an instrumentality which he uses, he may claim an exemption. However, he may only claim it on an item which he uses. He may even require help in using the tool and have it exempted, but he may not claim an exemption over a fleet of items which he allows others to use so that he may earn income on a percentage basis or gain income from the rental of these items. He may not claim a fleet of exemptions. [20]

Following the decision in *Hanks*, the Louisiana legislature amended the exemption statute in 1979 to specifically limit the exemption to a single pick up truck and trailer used in the debtor's trade.

Similarly, in *In re Black*,[21] the court was asked to determine whether a dump truck could be exempt as a tool of the trade. At the time, §3881(A)(2)(d) exempted " . . . [o]ne pick up truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B). . . . " Section 365(B) defined a

---

[20] *In re Hanks*, 11 B.R. 706, 710 (W.D. La. 1977).

[21] 225 B.R. 610 (Bankr. M.D. La. 1998).

luxury automobile to be one that has a wheelbase over 121 inches, a V8 engine with a displacement over 360 cubic inches or which weighed over 4500 pounds. [22] Although §365(B) had been repealed two years prior to the *Black* decision, the court held that it nonetheless remained encased within §3881(A)(2)(d), so that a vehicle meeting the former definition of a luxury vehicle would not be exempt as a tool of the trade.[23] While the dump truck was necessary to the debtor's calling, it was not exempt as a tool of the trade because it's wheelbase measurement exceeded 121 inches, making it a nonexempt luxury vehicle under §3881.[24]

The history of §3881, additionally, does not support the exemptions claimed by the debtor. As originally drafted, the exemption statute provided, in pertinent part, that

> The sheriff or constable can not seize the linen and clothes belonging to the debtor or his wife. .. nor the tools and instruments, and books, and sewing machines necessary for the exercise of his or her calling, trade or profession by which he or she makes a living . . . . [25]

Cases decided under the early exemption statute, which did not contain a specific reference to motor vehicles, construed large trucks, as well as automobiles, that

---

[22] La. R. S. 39:365(B). This statute was repealed by Act 1986, No. 532, sec. 2.

[23] *Black*, 225 B.R. at 626.

[24] *Id*.

[25] Code of Practice of 1870, Art. 644.

were essential to the reasonable exercise of the debtor's profession as exempt.[26]

In 1960, §3881 was added to the Louisiana Revised Statutes, to replace article 644.[27] Section 3881 has been amended on numerous occasions. In 1979, the exemption statute was amended to, among other things, divide the prior subject matter into subsections, and include in paragraph A(2) a provision regarding the exemption of one pick up truck and trailer actually used in the debtor's trade.[28] In 1982, §3881 was again amended, this time to expand the motor vehicles exemption to include one pick up truck or one utility vehicle, either of which must have had a gross shipping weight of less than three tons, and one trailer.[29] In 1983, the section was amended to expand the motor vehicle exemption,

---

[26] *See, e.g., Ellis v. Malone,* 69 So.2d 625 (La. App. 2nd Cir. 1953)(truck used to transport power saw, axes and fuel to logging areas); *A. Wilbert's Sons Lumber & Shingle Co. v. Ricard*, 119 So. 411 (La. Sup. 1928)(motortruck used by farm lessee to transport slaughtered beeves to market); Webb v. Lacarde, 135 So. 262 (La. App. 1931)(physician's car was exempt).

[27] Article 3881 then read: "The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever: . . . (2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part. .. ." *In re Hanks*, 11 B.R. 706, 709 (W.D. La. 1977).

[28] La. R.S. 13:3881, Historical and Statutory Notes. After the 1979 amendment, Section 3881 provided in part, that:
"A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever: . . . (2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part, provided that motor vehicles and trailers, except one pickup truck and trailer actually used in his trade, shall not be deemed to fall within the provision of this paragraph.. . "

[29] *Id.*

and additionally separated section A(2) governing property necessary to a trade, calling or profession into five subparagraphs, including tools, instruments, books, pickup truck or nonluxury automobile and one utility trailer.[30]

The history of the statute makes clear that with the advent of motor travel, motor vehicles have been added to the statute as exempt if necessary to the exercise of a trade, calling or profession. An examination of the history of the statute indicates that it was changed in 1979 to specify that motor vehicles and trailers were generally not exempt except that "one pickup truck and trailer actually used in his trade" could be claimed as exempt. Even before §3881 was amended in 1983 to provide for five separate subsections of items exempt if necessary to the exercise of a trade or calling, the exemption for a vehicle was limited to one pickup truck and trailer actually used in his trade. As the wording of the vehicle exemption became more wordy and complicated, §3881 was amended

---

[30] After the 1983 amendment, La. R.S. 3881 read in part:
"(2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
   (a) Tools.
   (b) Instruments.
   (c) Books.
   (d) One pickup truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood; and
   (e) One utility trailer. "

to provide separate subsections of property, including tools, books, instruments, motor vehicles and trailers.

Rather than indicate a legislative intent to expand the exemption to include multiple vehicles as tools and as motor vehicles, the legislative history of the statute indicates that the legislature intended to limit the exemption of motor vehicles to that specifically provided for in subsection (d). It also demonstrates that the legislature intended to limit the exemption of a motor vehicle to one motor vehicle, by specifically amending the exemption statute to specify that only one motor vehicle may be exempt.

The legislature has also indicated that the exemption for a single motor vehicle should be limited in amount, by specifying first that a pick up truck be less than three tons and a automobile be a nonluxury vehicle, and then by limiting the exemption for a motor vehicle to $7,500 in equity value. An examination of the history of the statute supports a conclusion that the legislature did not intend that multiple vehicles could be exempted by a debtor under both §3881(a) or (b) and (d), or that expensive or nonluxury vehicles could be exempted in full.

For the foregoing reasons, the court denied the exemption of the 1996 Ford Thomas Bus under La. R. S. 13:3881(A)(2)(a) or (b). An appropriate order will be entered.

New Orleans, Louisiana, August 6, 2004.

_____
Jerry A. Brown
U.S. Bankruptcy Judge